UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN LACROIX, et al.,

    Plaintiffs,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

Case No. 1:23-cv-11137

Hon. Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING PLAINTIFFS' COMPLAINT**

On May 15, 2023, Plaintiffs Kevin LaCroix, Glenn Milhan, and Derrick Smith—all prisoners in state custody—filed a *pro se* Complaint under 42 U.S.C. § 1983. Plaintiffs sue the State of Michigan, Michigan Governor Gretchen Whitmer, Washtenaw County Prosecutor Eli Savit, and the Washtenaw County Public Defender Delphia Simpson in their official capacities. . In so doing, they challenge the public defender system in Michigan, asserting that they were not provided effective assistance of counsel in their state criminal proceedings in violation of state and federal law.

As explained below, Plaintiff Milhan and Smith's claims will be dismissed for failure to correct filing deficiencies. And because Plaintiff LaCroix proceeds *in forma pauperis*, his *pro se* Complaint is subject to screening under the Prisoner Litigation Reform Act. Plaintiff LaCroix's claims do not survive such screening. Thus, none of Plaintiffs' claims remain. So the Complaint will be dismissed.

I.

On February 27, 2023, a Washtenaw County jury found Plaintiff Kevin LaCroix guilty of five felonies: three counts of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84; one count of domestic violence (third offense notice), *id.* § 750.81; and one count of unlawful imprisonment, *id.* § 750.349b. *People v. LaCroix*, Case No. 21-000546-FH (22d Cir. Ct. Washtenaw Cnty., Mich.), https://tinyurl.com/KLaCroix21-000546-FH. He was sentenced on April 26, 2023, and is currently in the custody of the Michigan Department of Corrections (MDOC). *See id.* A public defender represented Plaintiff LaCroix during his state criminal proceedings. *Id.*

On May 15, 2023, Plaintiff LaCroix and two other Plaintiffs who were also in custody due to Washtenaw County criminal proceedings—Glenn Milhan and Derrick Smith—filed a *pro se* Complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiffs sue the State of Michigan, Michigan Governor Gretchen Whitmer, Washtenaw County Prosecutor Eli Savit, and the Washtenaw County Public Defender Delphia Simpson in their official capacities. *Id.* at PageID.18–19. Plaintiffs allege that due to deficiencies in the funding, administration, and oversight, Michigan's public defender system deprives indigent criminal defendants of their constitutional rights to counsel. *See id.* at PageID.20–24. Based on these allegations, Plaintiffs assert four claims: a (1) Sixth Amendment Right to Effective Counsel against Defendant Whitmer; (2) a Fourteenth Amendment Due Process against Defendant Whitmer; (3) a Right to Effective Counsel claim against Defendants State of Michigan, Whitmer, and Simpson under Michigan's Constitution, art. 1, § 20; and (4) Due Process claim against all four Defendants under Michigan's Constitution, art. 1, § 17. *Id.* at PageID.21.

When they filed their Complaint, Plaintiffs did not pay the requisite filing fees. *See* ECF No. 4. Nor did they submit applications to proceed without prepayment of those fees. *See id.* Given these deficiencies, Plaintiffs were directed to correct their filing defects. ECF Nos. 4; 9. Plaintiffs

were also notified of their obligation to inform this Court of any change in address. ECF No. 3. Plaintiff LaCroix complied, applying to proceed *in forma pauperis* (IFP) and updating his address whenever MDOC moved him to a new facility. ECF Nos. 8; 12; 16; 17. And Plaintiff LaCroix's application to proceed IFP was granted on September 12, 2023. ECF No. 14. Plaintiffs Milhan and Smith, by contrast, have taken no such steps. Mail sent to them has been returned as undeliverable, ECF Nos. 10, 11, and neither has contacted this Court or provided a current address.

## II.

Because Plaintiff LaCroix proceeds IFP, Plaintiffs' Complaint is subject to Prison Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.

### A. Plaintiffs Milhan and Smith's Claims

To begin, Plaintiff Milhan and Smith's claims will be dismissed for their failure to comply with court rules and court orders. Rule 11.2 of the Local Rules for the Eastern District of Michigan

provides that every attorney—and every unrepresented party—must include contact information, including address, email, and telephone number, on the first paper filed in a case. This further requires that any change in that information be promptly reported to the Court and opposing parties. Failure to do so may result in appropriate sanctions, including dismissal. E.D. Mich. L.R. 11.2. That obligation applies with equal force to pro se litigants. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). As other courts have observed, it is not the Court's responsibility to monitor a party's whereabouts or ensure delivery of its own correspondence. *Thompkins v. Metrish*, No. 2:07-CV-12, 2009 WL 2595604, at *1, n.1 (W.D. Mich. Aug. 20, 2009) (citing *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089, 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007)).

Federal Rule of Civil Procedure 41(b) independently authorizes dismissal where a plaintiff fails to prosecute or comply with court rules or orders. *See* FED. R. CIV. P. 41(b). Likewise, Local Rule 41.2 permits dismissal "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. This authority is inherent in the courts' ability to manage their dockets and ensure the orderly administration of justice. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001).

Here, for over two years, Plaintiffs Milhan and Smith have neither corrected their filing deficiencies nor provided current contact information, as required. Whether they have been released or transferred from custody, their duty to apprise this Court of their address remains. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002). Having failed to comply with both the Local Rules and this Court's orders directing them to correct their filing deficiencies, Plaintiffs Milhan and Smith's claims will be dismissed.

### B. Plaintiff LaCroix's Claims

Turn to Plaintiff LaCroix's claims. Plaintiff LaCroix's claims fall into two classes of claims. First, Counts 1 and 2 are federal constitutional claims. Second, Counts 3 and 4 are state constitutional claims. These categories of claims will be addressed in turn below.

#### 1. Counts 1-2: *Heck* Bar

Plaintiff LaCroix's Sixth Amendment "Right to Effective Assistance of Counsel" and Fourteenth Amendment Due Process claims against Defendant Whitmer (Counts 1 and 2), ECF No. 1 at PageID.21, are barred at the outset. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkerson v. Dotson*, 544 U.S. 74, 81–82 (2005). As a result, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction, unless and until the conviction has been legally terminated—on appeal, habeas, or otherwise. *Heck*, 512 U.S. at 486–87; *Thompson v. Clark*, 596 U.S. 36, 39 (2022); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

Here, if Plaintiff LaCroix prevails on Counts 1 and Count 2, it would necessarily imply the invalidity of his state criminal proceedings. Indeed, under both claims, his criminal proceedings would be constitutionally defective. *See Moody v. Benton Cnty. Det. Ctr.*, No. 1:25-CV-01038-SHM-TMP, 2025 WL 2470097, at *5 (W.D. Tenn. Aug. 27, 2025) (applying *Heck* to ineffective assistance of claims); *Allen v. Forren*, No. 2:25-CV-1012, 2025 WL 2814703, at *4 (S.D. Ohio Oct. 3, 2025) (applying *Heck* to ineffective assistance of claims). As a result, because his conviction has been favorably terminated, his claims are *Heck*-barred.[1] *See People v. LaCroix*,

---

[1] Because Plaintiff LaCroix's claims in Count 1 and 2 are against Defendant Whitmer, they are also barred by Eleventh Amendment sovereign immunity. *See infra* Section III, B, 2.

COA 366322 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/366322 (showing that Plaintiff LaCroix's appellate review of his conviction is ongoing).

### 2. Counts 3-4: Immunity and Supplemental Jurisdiction

Plaintiffs' state constitutional claims against Defendants (Counts 3 and 4) will also be dismissed. For starters, to the extent Plaintiff LaCroix asserts Counts 3 and 4 against Defendants State of Michigan and Whitmer, they are entitled to Eleventh Amendment sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Indeed, "federal courts lack jurisdiction over official-capacity claims brought under 42 U.S.C. § 1983" against state officials "because the Eleventh Amendment bars them." *Thomson v. Peterson*, No. 1:24-CV-11761, 2025 WL 2797146, at *5 (E.D. Mich. Sept. 30, 2025) (citing *Will*, 491 U.S. at 71; *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015); *Satkowiak v. Marshall*, 771 F. Supp. 3d 937, 943–47 (E.D. Mich. 2025)).

And Counts 3 and 4 will also be dismissed as they relate to Defendants Simpson and Savit. Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012). But under § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." Because Plaintiff LaCroix's federal claims—the basis for original jurisdiction here—will be dismissed, "and it is not in the interest of judicial economy or comity for th[is] Court to hear and determine [his] state law claims," this Court will decline to exercise supplemental jurisdiction over Counts 3 and 4 as against Defendants Simpson and Savit. *Moody*, 2025 WL 2470097, at *5.

In sum, Plaintiff Milhan and Smith's claims will be dismissed for their failure to comply with court rules and court orders. Further, Plaintiff LaCroix's claims in Counts 1 and 2 will be

dismissed because they are *Heck*-barred and barred by the Eleventh Amendment. And Plaintiff LaCroix's claims in Counts 3 and 4 will be dismissed because Defendants State of Michigan and Whitmer are entitled to Eleventh Amendment sovereign immunity, and this Court declines to exercise supplemental jurisdiction of those claims as against Defendants Simpson and Savit. As a result, because this Court will dismiss all claims on non-merits grounds, Plaintiffs' Complaint, ECF No. 1, will be dismissed without prejudice. *See, e.g., Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

### IV.

Accordingly, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**This is a final order and closes this case.**

Dated: October 20, 2025                                   s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge